UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NORTHERN INDIANA

**RICHARD L. MULLENHOUR,**
Plaintiff,

v.

**PENN CENTRAL CORPORATION a/k/a**        CASE NO.: 3:22-cv-32
**AMERICAN PREMIER UNDERWRITERS,**
**INC.,**
    and                                                                JURY TRIAL DEMANDED
**CONSOLIDATED RAIL CORPORATION,**
    and
**NORFOLK SOUTHERN RAILWAY**
**COMPANY,**
Defendants.

## COMPLAINT AT LAW

1.      This suit is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., which grants this Court jurisdiction over this action.

2.      Plaintiff, Richard L. Mullenhour, is an adult individual residing at 0656 W. US Highway 20, Laporte, IN  46350.

3.      Defendant, Penn Central Corporation (Penn Central), a/k/a American Premier Underwriters, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, whose address for service of process is c/o C.T. Corporation Systems, 600 North 2nd Street, Suite 401, Harrisburg, PA  17101, and was engaged in interstate commerce as a common carrier by rail, operating a line and system of railroads and transacting substantial business in this District.

4.      Defendant, Consolidated Rail Corporation (Conrail), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, whose address for service of process is 1717 Arch Street, Suite 1310, Philadelphia, PA  19101, and was engaged in interstate

commerce as a common carrier by rail, operating a line and system of railroads and transacting substantial business in this District.

5.     Defendant, Norfolk Southern Railway Company (Norfolk Southern), is a corporation organized and existing under the laws of the Commonwealth of Virginia, whose address for service of process is Three Commercial Place, Norfolk, VA  23510, and was engaged in interstate commerce as a common carrier by rail, operating a line and system of railroads and transacting substantial business throughout this District.

6.     Throughout his career from 1974 to 2012, Richard L. Mullenhour, was employed by Defendants as a carman, welder and forklift/crane operator, and the injuries and damages were sustained by him while engaged in the course of his duties and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.

7.     From 1974 to 1976, Plaintiff worked as a carman, welder and forklift/crane operator for Defendant Penn Central in and around Fort Wayne, Indiana.

8.     From 1974 to 1976, while working as a carman for Defendant Penn Central in and around Fort Wayne, Indiana, Plaintiff was exposed on a daily basis to diesel exhaust/fumes, welding fumes and asbestos.

9.     From 1974 to 1976, while working as a carman, welder and forklift/crane operator for Defendant Penn Central in and around Fort Wayne, Indiana, Plaintiff was exposed to excessive amounts of diesel exhaust/fumes that were produced and expelled by running diesel locomotives and diesel-powered track equipment.

10.     From 1974 to 1976, while working as a carman, welder and forklift/crane operator for Defendant Penn Central in and around Fort Wayne Indiana, Plaintiff was exposed to excessive amounts of asbestos from brake shoes on the locomotives, insulation on railroad cars,

track equipment and pipe coverings on insulated pipes in buildings and facilities.

11.     From 1974 to 1976, while working as a carman, welder, and forklift/crane operator for Defendant Penn Central in and around Fort Wayne, Indiana, Plaintiff was exposed to excessive amounts of welding fumes from welding on box cars, flat cars, and gondolas.

12.     From 1976 to 1980, Plaintiff worked as a carman, welder and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Fort Wayne, Indiana.

13.     From 1976 to 1980, while working as a carman, welder and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Fort Wayne, Indiana, Plaintiff was exposed on a daily basis to diesel exhaust/fumes, welding fumes and asbestos.

14.     From 1976 to 1980, while working as a carman, welder and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Fort Wayne, Indiana, Plaintiff was exposed to excessive amounts of diesel exhaust/fumes that were produced and expelled by running diesel locomotives and diesel-powered track equipment.

15.     From 1976 to 1980, while working as a carman, welder and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Fort Wayne Indiana, Plaintiff was exposed to excessive amounts of asbestos from brake shoes on the locomotives, insulation on railroad cars, track equipment and pipe coverings on insulated pipes in buildings and facilities.

16.     From 1976 to 1980, while working as a carman, welder, and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Fort Wayne, Indiana, Plaintiff was exposed to excessive amounts of welding fumes from welding on box cars, flat cars, and gondolas.

17.     From 1980 to 1986, Plaintiff worked as a carman, welder and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Elkhart, Indiana.

18.     From 1980 to 1986, while working as a carman, welder and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Elkhart, Indiana, Plaintiff was exposed on a daily basis to diesel exhaust/fumes, welding fumes and asbestos.

19.     From 1980 to 1986, while working as a carman, welder and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Elkhart, Indiana, Plaintiff was exposed to excessive amounts of diesel exhaust/fumes that were produced and expelled by running diesel locomotives and diesel-powered track equipment.

20.     From 1980 to 1986, while working as a carman, welder and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Elkhart, Indiana, Plaintiff was exposed to excessive amounts of asbestos from brake shoes on the locomotives, insulation on railroad cars, track equipment and pipe coverings on insulated pipes in buildings and facilities.

21.     From 1980 to 1986, while working as a carman, welder, and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Elkhart, Indiana, Plaintiff was exposed to excessive amounts of welding fumes from welding on box cars, flat cars, and gondolas.

22.     From 1986 to 1999, Plaintiff worked as a carman, welder and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Burns Harbor, Indiana.

23.     From 1986 to 1999, while working as a carman, welder and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Burns Harbor, Indiana, Plaintiff was exposed on a daily basis to diesel exhaust/fumes, welding fumes and asbestos.

24.     From 1986 to 1999, while working as a carman, welder and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Burns Harbor, Indiana, Plaintiff was exposed to excessive amounts of diesel exhaust/fumes that were produced and expelled by

running diesel locomotives and diesel-powered track equipment.

25.     From 1986 to 1999, while working as a carman, welder and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Burns Harbor, Indiana, Plaintiff was exposed to excessive amounts of asbestos from brake shoes on the locomotives, insulation on railroad cars, track equipment and pipe coverings on insulated pipes in buildings and facilities.

26.     From 1986 to 1999, while working as a carman, welder, and forklift/crane operator for Defendant Consolidated Rail Corporation in and around Burns Harbor, Indiana, Plaintiff was exposed to excessive amounts of welding fumes from welding on box cars, flat cars, and gondolas.

27.     From 1999 to 2012, Plaintiff worked as a carman, welder and forklift/crane operator for Defendant Norfolk Southern in and around Burns Harbor, Indiana.

28.     From 1999 to 2012, while working as a carman, welder and forklift/crane operator for Defendant Norfolk Southern in and around Burns Harbor, Indiana, Plaintiff was exposed on a daily basis to diesel exhaust/fumes, welding fumes and asbestos.

29.     From 1999 to 2012, while working as a carman, welder and forklift/crane operator for Defendant Norfolk Southern in and around Burns Harbor, Indiana, Plaintiff was exposed to excessive amounts of diesel exhaust/fumes that were produced and expelled by running diesel locomotives and diesel-powered track equipment.

30.     From 1999 to 2012, while working as a carman, welder and forklift/crane operator for Defendant Norfolk Southern in and around Burns Harbor, Indiana, Plaintiff was exposed to excessive amounts of asbestos from brake shoes on the locomotives, insulation on railroad cars, track equipment and pipe coverings on insulated pipes in buildings and facilities.

31.     From 1999 to 2012, while working as a carman, welder, and forklift/crane operator

for Defendant Norfolk Southern in and around Burns Harbor, Indiana, Plaintiff was exposed to excessive amounts of welding fumes from welding on box cars, flat cars, and gondolas.

32.     From 1974 to 2012, while working as a carman, welder and forklift/crane operator for Defendants, Plaintiff's exposures were cumulative and occurred throughout all locations where Plaintiff was assigned to work on a daily basis during working hours.

33.     Plaintiff's exposure to diesel exhaust/fumes, welding fumes and asbestos, in whole or in part, caused or contributed to his development of lung cancer, which was diagnosed on May 31, 2018.

34.     Plaintiff's lung cancer was the result of the negligence of the Defendants in that they employed known cancer-causing materials in their operations, which the Defendants knew, or in the exercise of ordinary care should have known, were deleterious, poisonous, and highly harmful to their employees' health.

35.     Plaintiff's lung cancer was the result of the negligence of the Defendants in that even though they knew, or in the exercise of ordinary care should have known, that the cancer-causing materials were deleterious, poisonous and highly harmful to his health, and that he would not know of such dangers to his health, the Defendants:

(a)     Failed to provide Plaintiff with a reasonably safe place to work as required by the FELA;

(b)     Failed to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate Plaintiff's exposure to diesel exhaust/fumes, welding fumes and asbestos;

(c)     Failed to periodically test employees such as Plaintiff for physical effects of excessive exposure to diesel exhaust/fumes, welding fumes and asbestos and failing to take appropriate action, including advising him as to the test results;

(d)     Failed to advise Plaintiff of the dangers of
        exposure to diesel exhaust/fumes, welding fumes
        and asbestos;

(e)     Failed to warn Plaintiff of the risk of contracting
        cancer as a result of exposure to diesel
        exhaust/fumes, welding fumes and asbestos;

(f)     Failed to make reasonable efforts to inspect, test
        and/or monitor the levels/amounts of exposure of
        Plaintiff to diesel exhaust/fumes, welding fumes
        and asbestos;

(g)     Failed to provide Plaintiff with the knowledge as
        to what would be reasonably safe and sufficient wearing
        apparel and proper protective equipment to protect him
        from being exposed to diesel exhaust/fumes, welding
        fumes and asbestos; and

(h)     Failed to provide Plaintiff with a timely and adequate
        respirator designed to protect him from exposure to
        diesel exhaust/fumes, welding fumes and asbestos.

36.   Defendant, Consolidated Rail Corporation:

(a)     Failed to instruct or otherwise direct its managerial and
        executive employees working in its corporate headquarters
        in Philadelphia, PA to craft, develop, or strengthen policies
        and procedures aimed at reducing, modifying, or eliminating
        exposure to diesel exhaust/fumes, asbestos and welding
        fumes; and

(b)     Failed to instruct or otherwise direct its managerial and
        executive employees working in its corporate headquarters
        in Philadelphia, PA to craft, develop, or strengthen policies
        and procedures aimed at advising, training, or otherwise
        warning its employees of the dangers of diesel
        exhaust/fumes, asbestos, and welding fumes.

37.   Defendant, Norfolk Southern Railway Company:

(a)     Failed to instruct or otherwise direct its managerial and
        executive employees working in its corporate headquarters
        in Norfolk, Virginia to craft, develop, or strengthen policies
        and procedures aimed at reducing, modifying, or eliminating

> exposure to diesel exhaust/fumes, asbestos and welding fumes; and

(b)    Failed to instruct or otherwise direct its managerial and executive employees working in its corporate headquarters in Norfolk, Virginia to craft, develop, or strengthen policies and procedures aimed at advising, training, or otherwise warning its employees of the dangers of diesel exhaust/fumes, asbestos, and welding fumes.

38.    Plaintiff's lung cancer was caused or contributed to, in whole or in part, by the negligence of the Defendants and/or the negligence of the railroads' agents, servants and/or employees.

39.    As a result of the negligence of the Defendants, Plaintiff experienced and endured pain, suffering, mental anguish, and loss of enjoyment of life.

40.    As a result of the negligence of the Defendants, Plaintiff was diagnosed with and suffers from lung cancer.

41.    As a result of the negligence of the Defendants, Plaintiff required medical treatment and medical care and incurred medical bills and medical expenses.

42.    As a result of the negligence of the Defendants, Plaintiff will lose future pension benefits due to his reduced life expectancy.

43.    Less than three (3) years before Richard L. Mullenhour's Complaint was filed, Plaintiff first learned that his lung cancer was caused or contributed to by the toxic exposures which resulted from the negligence of the Defendants.

44.    Plaintiff seeks all damages recoverable under the FELA.

**WHEREFORE**, Plaintiff, Richard L. Mullenhour, demands judgment against the Defendants, Penn Central Corporation a/k/a American Premier Underwriters, Inc., Consolidated Rail Corporation and Norfolk Southern Railway Company, individually, jointly and/or severally, for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and the

costs of this action.

Dated: January 14, 2022

Respectfully Submitted,

/s/ Daniel H. Pfeifer_____
Daniel H. Pfeifer, (5720-71)
PFEIFER, MORGAN & STESIAK
53600 North Ironwood Drive
South Bend, IN 46635
Tel: (844) 678-1800
Email: dpfeifer@pilawyers.com

Stephen F. Monroe, IL#6305823 (*pro hac vice pending*)
MARC J. BERN & PARTNERS LLP
22 West Washington, Suite 1500
Chicago, IL 60602
Phone: (312) 894-7941
Fax:    (312) 873-4537
Email: smonroe@bernllp.com
*Attorneys for Plaintiff*