UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD L. MULLENHOUR,

   Plaintiff,

   v.

PENN CENTRAL CORPORATION, et al.,

   Defendants.

Case No. 3:22-CV-32 JD

## OPINION AND ORDER

A Defendant in this case, Norfolk Southern Railway Company ("Norfolk Southern") has moved for judgment on the pleadings on the basis of *res judicata*. (DE 43.) For the following reasons, this motion will be denied.

**A. Factual Background**

Mr. Richard Mullenhour is a former railway worker who is suing three entities under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., over injuries he allegedly sustained due to exposure to diesel exhaust/fumes, welding fumes, and asbestos during the course of his employment. He initially filed this suit on May 26, 2021, in the Pennsylvania Court of Common Pleas for Philadelphia County. The parties do not dispute that this state court suit was largely identical to the instant federal suit, featuring the same parties, the same cause of action, and the same underlying factual issues.

In the state court litigation, Norfolk Southern filed a preliminary objection challenging the jurisdiction of the Pennsylvania court. At the time there was a Pennsylvania statute in effect which granted general jurisdiction over all corporations registered to do business in

Pennsylvania. *See* 42 Pa. Cons. Stat. §5301(a)(2)(i). Norfolk Southern's preliminary objection was overruled on October 8, 2021. However, on December 22, 2021, the Pennsylvania Supreme Court decided the case of *Mallory v. Norfolk Southern Railway Company*, 266 A.3d 542 (Pa. 2021), which held that portion of the jurisdiction statute was unconstitutional.[1] Mr. Mullenhour then filed this federal action on January 14, 2022. Meanwhile, in the state court case, Norfolk Southern filed a motion to reconsider the preliminary objection in light of the intervening change in law. The Pennsylvania court granted that motion on February 7, 2022, and dismissed the state court case due to a lack of jurisdiction. (DE 44-3.)

Norfolk Southern has now filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

**B. Legal Standard**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed a complaint and answer. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no disputed issues of material fact, and the moving party is entitled to judgment as a matter of law. *United Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). A moving party is entitled to judgment on the pleadings when it appears beyond doubt that the non-moving party "cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoors Shows v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

The Court is confined to the matters addressed in the pleadings and must review allegations in the light most favorable to the non-moving party. *See Kiddy-Brown v. Blagojevich*,

---

[1] The Court will note that the Supreme Court of the United States subsequently granted *certiorari* in *Mallory* on April 25, 2022. 142 S.Ct. 2646.

408 F.3d 346, 355 (7th Cir. 2005). The pleadings include "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows,* 163 F.3d at 452 (citing Fed. R. Civ. P. 10(c)). The Court may also consider documents attached to the motion for judgment on the pleadings provided they are referred to in the plaintiffs' complaint and are central to the plaintiffs' claims. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014). The Court may also take judicial notice of public records such as state court documents. *Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020).

### C. Discussion

Norfolk Southern argues that judgment on the pleadings is appropriate here because a Pennsylvania state court has fully resolved Mr. Mullenhour's claims and therefore further litigation of these claims is barred based on *res judicata*. Because state judicial proceedings have the same full faith and credit in federal courts that they do in the courts of the state from which they are taken, a federal court will look to relevant state law when determining the preclusive effects of the state courts' judgments. 28 U.S.C. § 1738; *Starzenski v. City of Elkhart*, 87 F.3d 872, 877 (7th Cir. 1996). Here, the relevant state courts and state laws are those of Pennsylvania.

Pennsylvania courts recognize *res judicata* as a "judicially-created precept based on prudential concerns which seek to avoid the re-litigation, in a subsequent action, of a claim that was resolved in a prior action." *In re Coatesville Area Sch. Dist.*, 244 A.3d 373, 380 (Pa. 2021). To that end, "any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995). In order to establish *res judicata* applies, the party asserting the defense must show four elements are common to both actions: (1) identity

of issues, (2) identity of causes of action, (3) identity of persons and parties to the action, and (4) identity of the quality or capacity of the parties suing or being sued. *Coatesville*, 244 A.3d at 379 (internal citations and quotations omitted).

The "essential inquiry" of *res judicata* analysis is determining "whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Callery v. Municipal Auth. of Blythe Twp.*, 243 A.2d 385, 388 (Pa. 1968). A central component of *res judicata* under Pennsylvania law is that "a prior judgment may bar relitigation only of a claim that has been decided 'on the merits.'" *Weinar v. Lex*, 176 A.3d 907, 915 (Pa. Super. Ct. 2017) (citing *Mariner Chesnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 286 (Pa. Super. Ct. 2016)). For over a century, Pennsylvania law has defined a judgement on the merits as one which "actually pass[es] directly on the substance of [a particular] claim before the court." *Id.* (internal citations and quotations omitted). Pennsylvania courts have emphasized that *res judicata* cannot be applied to any judgment that does not render a final substantive decision on a claim. *Id.* Moreover, the Supreme Court of Pennsylvania has cautioned that the proper role of *res judicata* is to "shield a party or the courts from repetitive or abusive litigation" and it is a "misuse" of the doctrine to use it to thwart the opposing party's substantive rights. *Coatesville*, 244 A.3d at 380.

Mr. Mullenhour does not dispute that this case involves the same issues, same cause of action, same parties, and same quality or capacity of those parties as the prior Pennsylvania state court litigation. Rather he argues that *res judicata* is not applicable to his case because the Pennsylvania state court case was not resolved on the merits. Rather that case was resolved on the question of jurisdiction. In the alternative, he requests the Court employ equitable estoppel to view this complaint as a continuation of the original state complaint rather than a newly filed

4

action subject to *res judicata*. The Court agrees that *res judicata* cannot be properly applied to this case given the prior case was dismissed on jurisdictional grounds and not decided on the merits.

The central issue that the Court must resolve to decide this motion is to determine whether a dismissal solely for lack of jurisdiction creates *res judicata* for all substantive claims raised, but otherwise not litigated and undecided, in that case. The Court finds *res judicata* does not apply in such circumstances because such a court decision was not a decision on the merits on the substantive claims.

The Court would begin by noting that Norfolk Southern does not offer any argument that the Pennsylvania case was resolved on the merits of Mr. Mullenhour's claim. This is a wise choice as the documents from the state court docket clearly indicate the preliminary objection and ultimate dismissal order are predicated solely on the personal jurisdiction issue. (*See* DE 51-1 at 3–16).[2] This fact alone makes it inappropriate to apply *res judicata*. As previously stated, the essential inquiry of applying *res judicata* is "whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Callery*, 243 A.2d at 388. This requires that the prior court issue a decision on the merits of the case, which means a judgment which "actually pass[es] directly on the substance of [a particular] claim before the court." *Weinar*, 176 A.3d at 915. That is not the case here. The substance of Mr. Mullenhour's claim is that Norfolk Southern's negligence resulted in him being exposed to toxic substances which caused his injury. The parties do not dispute the fact that the Pennsylvania court only addressed jurisdiction and did not reach a decision on the

---

[2] The Court takes judicial notice of the state court documents which the parties have submitted with their briefing on this motion. *Spiegel*, 952 F.3d at 847.

substance of these claims. Further, it is recognized in Pennsylvania law that a judgment on the basis of a lack of jurisdiction is not a judgment on the merits. *Brown v. Cooney*, 442 A.3d 324, 326 (Pa. Super. Ct. 1982) (citing Rest. Judg. § 49(a) (using a judgement based on lack of jurisdiction as an example of a judgment which is not on the merits)).

Norfolk Southern sidesteps discussing the *res judicata* requirement that the decision be on the merits in their briefing to cite a handful of cases where the Pennsylvania Supreme Court found that a sustained preliminary objection can result in *res judicata*. The lead case cited by Norfolk Southern*, Gasbarini's Estate*, states that under Pennsylvania case law, an order that sustains preliminary objections and dismisses the complaint is a final order that becomes *res judicata* and, if not appealed within the prescribed appeal period, the order may not be vacated. *See Gasbarini's Estate v. Med Ctr. of Beaver Cty., Inc.*, 409 A.2d 343, 345 (Pa. 1979); *Cantanese v. Scirica*, 263, A.2d 372 (Pa. 1970); *Love v. Temple University*, 220 A.2d 838 (Pa. 1966). The Court finds these cases do not speak to the issue involved in this case and are therefore not governing or persuasive precedent.

The Court would begin by noting that none of the cited cases involve jurisdiction as the basis for dismissal. Further, these cases do not suggest that preliminary objections are exempt from the general requirements of *res judicata*. Rather, these cases seem to stand for the more limited proposition that a sustained preliminary objection which is not appealed can lead to *res judicata*. That is all well and good, but it does not explain to the Court why Norfolk Southern is entitled to invoke *res judicata* without showing there was a prior decision on the merits by a court of competent jurisdiction as required by Pennsylvania law. Therefore, because these cases deal with different facts and different questions of law than the one at issue in this case, they do not directly govern the outcome of this case.

In contrast, Mr. Mullenhour brought a case to the Court's attention which provides on point guidance for the issue in this case. In *Radakovich v. Weisman*, the Superior Court of Pennsylvania[3] confronted the issue of whether a sustained preliminary objection, finding that the lower court lacked personal jurisdiction, precluded the plaintiff from further pursuit of *any* of the claims raised in their complaint on the basis of *res judicata*.[4] 359 A.2d 426, 427–28 (Pa. Super. Ct. 1976). The court found that the plaintiff was not precluded from pursuing their substantive claims. The court found that while in general a cause of action is extinguished after judgement is rendered, when the judgment is not upon the merits the plaintiff is not precluded from maintaining an action on the same cause of action. *Id.* at 430. Rather, in such a case, the matters which have been actually litigated and determined are *res judicata*, but other matters which were raised but not litigated, are not *res judicata*. *Id.* at 430–31. The court summed up this point by stating: "when the judgment is based on lack of jurisdiction of the court over the defendant, as in the instant case, the plaintiff, while not precluded from maintaining a new action based on the same underlying cause of action, is precluded from relitigating the issue of lack of jurisdiction over the defendant." *Id.* at 431.

The Court finds the *Radakovich* decision to be binding, on point, Pennsylvania precedent which directs how Pennsylvania law should be applied in this case. Just like *Radakovich*, this case involves a preliminary objection by a defendant predicated on personal jurisdiction which terminated a prior proceeding. Further, Mr. Mullenhour does not seek to relitigate the jurisdictional question which has already been adjudicated and which *Radakovich* indicates is

---

[3] The Superior Court of Pennsylvania is one of two intermediate appellate courts in the Commonwealth and its decisions are binding on lower courts.

[4] This is a simplified restatement of the facts in *Radakovich*. The Court has omitted the procedural history and posture of that case as it has no bearing on the ultimate point of law or its applicability here.

7

barred. Rather he only seeks to pursue the underlying cause of action which was not previously adjudicated on the merits and which *Radakovich* indicates he is allowed to do. The Court would also note that the animating prudential concerns behind *res judicata* do not support Norfolk Southern's position. As previously stated, the purpose of *res judicata* is to avoid relitigation of claims resolved in a prior action. *Coatesville*, 244 A.3d at 380. That is not applicable in this case as Mr. Mullenhour's substantive claims have not been previously litigated or decided. Therefore, Norfolk Southern's motion must be denied.

The Court would also note, that while not binding guidance in this case, the federal courts' understanding is consistent with *Radakovich*, that a dismissal for lack of jurisdiction is not an adjudication on the merits. *See NuCap Industries, Inc. v. Robert Bosch LLC*, 2017 WL 3581174, *10 (N.D. Ill. Aug. 18, 2017) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)); *see also Lichtenheld v. Juniper Features, Ltd.*, 1996 WL 685443, *2 (N.D. Ill. Nov. 21, 1997) (collecting federal cases).

As the Court finds that, under governing Pennsylvania law, *res judicata* cannot be applied to this case, the Court has no occasion to address Mr. Mullenhour's alternative arguments of equitable estoppel.

Accordingly, Norfolk Southern's motion for judgment on the pleadings is DENIED (DE 43).

SO ORDERED.

ENTERED: January 27, 2023

        /s/ JON E. DEGUILIO
    Chief Judge
    United States District Court